# EXHIBIT "C"

**Fill in this information to identify the case:**

Debtor 1: Blue Diamond Air Systems, Inc.

Debtor 2: _____
(Spouse, if filing)

United States Bankruptcy Court for the: Southern District of New York

Case number: 8-22-72698-AST

## Official Form 410
# Proof of Claim

12/15

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

### Part 1: Identify the Claim

**1. Who is the current creditor?**

Dime Community Bank
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor: BNB Bank

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Robert J. Malatak
Name

156 West 56th Street
Number   Street

New York         NY        10019
City             State     ZIP Code

Contact phone: 212-237-1034

Contact email: rmalatak@windelsmarx.com

Where should payments to the creditor be sent? (if different)

Name: _____

Number   Street: _____

City   State   ZIP Code: _____

Contact phone: _____

Contact email: _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

___ ___ ___ ___ — ___ ___ ___ ___ — ___ ___ ___ ___ — ___ ___ ___ ___

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____   Filed on ___/___/___
                                                                      MM  / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

Official Form 410                           Proof of Claim                              page 1

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

6. Do you have any number you use to identify the debtor?
   ☑ No
   ☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

7. How much is the claim? No less than $9,565,821.32 plus pre-petition interest, late charges, legal fees, default interest, post-petition interest, costs, and expenses due under the loan documents
   Does this amount include interest or other charges?
   ☐ No
   ☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).
   See Attachment.

8. What is the basis of the claim?
   Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
   Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
   Limit disclosing information that is entitled to privacy, such as health care information.

   Secured indebtedness; see attachment

9. Is all or part of the claim secured?
   ☐ No
   ☑ Yes. The claim is secured by a lien on property.

   **Nature of property:**
   ☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
   ☐ Motor vehicle
   ☑ Other. Describe: All of Debtor's assets; see Attachment.

   **Basis for perfection:** UCC Filing Statement; see Attachment
   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

   Value of property:                              $_____
   Amount of the claim that is secured:            $_____

   Amount of the claim that is unsecured: $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

   Amount necessary to cure any default as of the date of the petition:    $_____

   **Annual Interest Rate** (when case was filed) _____ %
   ☐ Fixed
   ☐ Variable

10. Is this claim based on a lease?
    ☑ No
    ☐ Yes. Amount necessary to cure any default as of the date of the petition.    $_____

11. Is this claim subject to a right of setoff?
    ☑ No
    ☐ Yes. Identify the property: _____

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No <br> ☐ Yes. Check one: | Amount entitled to priority |
|---|---|---|
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/16 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    12/05/2022
                    MM / DD / YYYY

/s/ Robert J. Malatak
Signature

Print the name of the person who is completing and signing this claim:

| Name | Robert | Jerome | Malatak |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Partner | | |
| Company | Windels Marx Lane & Mittendorf, LLP | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 156 West 56th Street | | |
| | Number    Street | | |
| | New York | NY | 10019 |
| | City | State | ZIP Code |
| Contact phone | 212-237-1034 | Email | rmalatak@windelsmarx.com |

*Attorneys for Dime Community Bank, Secured Creditor*
**WINDELS MARX LANE & MITTENDORF, LLP**
156 West 56th Street
New York, New York 10019
Tel: (212) 237-1000
Fax: (212) 262-1215
Attorney appearing:   James M. Sullivan (jsullivan@windelsmarx.com)
                      Robert J. Malatak (rmalatak@windelsmarx.com)

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| In re | |
|---|---|
| BLUE DIAMOND AIR SYSTEMS, INC., | Chapter 11 |
| Debtor. | Case No. 8-22-72698-AST |

### ATTACHMENT TO PROOF OF CLAIM OF DIME COMMUNITY BANK

Dime Community Bank, formerly known as BNB Bank, on behalf of itself (*"Creditor"* or *"Dime"*) in support of its proof of claim against Blue Diamond Air Systems, Inc. (*"Debtor"*),[1] represents as follows:

1.   Windels Marx Lane & Mittendorf, LLP, located at 156 West 56th Street, New York, NY 10019, is authorized to make and hereby submits this proof of claim on behalf of Dime.

2.   Dime's claim against the Debtor[2] is based on three separate loans between Dime and the Debtor:  a small business administration loan (*"SBA Loan"*), a line of credit (*"Line of Credit"*) and commercial mortgage loan (*"Mortgage Loan"* and, together with the SBA Loan and

---

[1] Upon information and belief, prior to Debtor's filing of a chapter 11 petition, the related entities Blue Diamond Sheet Metal Inc. (*"BDSM"*) and Diam-N-Blu Mechanical Corp. (*"DNB"* and together with BDSM, the *"Former Entities"*) merged to form the Debtor. The Debtor assumed all of the assets and liabilities of the Former Entities, including with respect to the Loan Documents (defined below).

[2] Dime is the owner and holder of this claim against the Debtor's estate as successor in interest by its merger with BNB Bank, which was effective as of February 1, 2021.

{12119259:6}

the Line of Credit, the "*Loans*").[3] The Loans are evidenced by the following documents (the "*Loan Documents*"):[4]

a. With respect to the SBA Loan: (1) Note for the original principal balance of $4,650,000.00, dated December 18, 2020, executed by the Former Entities and BSR, MMS, Mr. LaBella and Ms. LaBella (together, the "*LaBellas*") in favor of Bank;[5] (2) Mortgage, dated December 18, 2020, executed by BSR and the LaBellas in favor of Bank; (3) Loan Agreement, dated December 18, 2020, executed by and among Bank, the Former Entities, BSR, MMS and the LaBellas; (4) Security Agreement, dated December 18, 2020, executed by Former Entity BDSM; (5) Security Agreement, dated December 18, 2020, executed by Former Entity DNB; (6) Security Agreement, dated December 18, 2020, executed by MMS; (7) Blue Station Realty LLC Members' Certificate and Consent, dated December 18, 2020, executed by the LaBellas; (8) Business Personal Property Certification, dated December 18, 2020, executed by the Former Entities, BSR, MMS and the LaBellas; (9) Affidavit and Agreement of Compliance, sworn to on December 18, 2020, by Mr. LaBella on behalf of Former Entity BDSM; (10) Affidavit and Agreement of Compliance, sworn to on December 18, 2020, by Mr. LaBella on behalf of Former Entity DNB; (11) Affidavit and Agreement of Compliance, sworn to on December 18, 2020,

---

[3] In addition to the Former Entities, other borrowers with respect to the Loans are: Blue Station Realty LLC ("*BSR*"), Mirage Mechanical Systems Inc.("*MMS*"), Albert LaBella ("*Mr. LaBella*") and Meghan LaBella ("*Ms. LaBella*").
[4] Copies of the Loan Documents are available upon request.
[5] For purposes of describing the Loan Documents, "Bank" shall mean Dime as successor by merger to BNB Bank.

{12119259:6}                                         2

Case 8-24-08071-ast    Doc 15-3    Filed 11/19/24    Entered 11/19/24 10:59:56
Case 8-22-72698-ast    Claim 31-1 Part 2    Filed 12/05/22    Desc  Attachment to Proof
of Claim    Page 3 of 7

by Mr. LaBella on behalf of MMS; (12) Collateral Security Agreement, dated December 18, 2020, assigning Mr. LaBella's life insurance policy from William Penn Life Insurance Company of New York ("*William Penn*") to Bank; (13) Collateral Security Agreement, dated December 18, 2020, assigning Ms. LaBella's life insurance policy from William Penn to Bank; and (14) all other agreements, documents, instruments, including UCC filings, referred to or at any time executed and/or delivered in connection with the above-referenced documents;

b. With respect to the Line of Credit: (1) Line of Credit Note for the original principal balance of $3,200,000.00, dated March 1, 2021, executed by the Former Entities in favor of Bank (the "Line of Credit Note"); (2) Continuing General Security Agreement, dated March 3, 2021, executed by MMS; (3) Compliance Agreement, dated March 3, 2021, executed by the Former Entities; (4) Continuing Guaranty Unlimited, dated March 3, 2021, executed by Mr. LaBella (5) Continuing Guaranty Unlimited, dated March 3, 2021, executed by Ms. LaBella (6) Continuing Guaranty Unlimited, dated March 3, 2021, executed by BSR; (7) Continuing Guaranty Unlimited, dated March 3, 2021, executed by MMS; (8) Extension Agreement, dated January 1, 2022, by and among Bank and the Former Entities, with Note Addendum executed by the Former Entities; and (9) all other agreements, documents, instruments, including UCC filings, referred to or at any time executed and/or delivered in connection with the above-referenced documents; and

Case 8-24-08071-ast    Doc 15-3    Filed 11/19/24    Entered 11/19/24 10:59:56
Case 8-22-72698-ast    Claim 31-1 Part 2    Filed 12/05/22    Desc Attachment to Proof
of Claim    Page 4 of 7

    c. With respect to the Mortgage Loan: (1) Mortgage Note for the original principal balance of $2,364,000.00, dated December 18, 2020, executed by the Former Entities, BSR, MMS and the LaBellas in favor of Bank; (2) Mortgage and Security Agreement, dated December 18, 2020, executed by BSR in favor of Bank; (3) Assignment of Leases and Rents, dated December 18, 2020, executed by BSR in favor of Bank; (4) Compliance Agreement, dated December 18, 2020, executed by the Former Entities, BSR, MMS and the LaBellas; (5) Payment Moratorium, dated February 5, 2021, executed by and among Bank, the Former Entities, BSR, MMS and the LaBellas, with Note Addendum executed by the Former Entities; and (6) all other agreements, documents, instruments, including UCC filings, referred to or at any time executed and/or delivered in connection with the above-referenced documents.

3. As reflected in the Loan Documents, the Loans are secured by substantially all of the Debtor's assets.[6] Dime's security interest in the Debtor's assets is evidenced by the following UCC filings (the "***UCC Filings***"): (i) UCC financing statement filed on December 28, 2020, Filing Number 202012285180812; (ii) UCC Financing Statement Amendment filed on May 4, 2022, Financing Number 202205048214538; and (iii) UCC Financing Statement filed on May 4, 2022, Filing Number 202205048214590. The UCC Filings are attached hereto as **Exhibit A**.

4. On October 4, 2022 ("***Petition Date***"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***").

---

[6] The Debtor's Schedules accurately identify the SBA Loan and Line of Credit (but not the Mortgage Loan) as secured claims. *See* Doc. No. 67, Sched. D at 2.2 & 2.3. The Debtor has also filed a sworn affidavit identifying Dime as its first-priority secured creditor. *See* Doc. No. 32 at ¶ 17.

{12119259:6}                4

Case 8-24-08071-ast    Doc 15-3    Filed 11/19/24    Entered 11/19/24 10:59:56
Case 8-22-72698-ast    Claim 31-1 Part 2    Filed 12/05/22    Desc Attachment to Proof
of Claim    Page 5 of 7

5. As of the Petition Date, the Debtor was, and still is, indebted to Dime in an aggregate amount no less than $9,565,821.32 (the "***Claim Amount***"). The Claim Amount includes the following amounts:

  a. With respect to the SBA Loan, indebtedness equaling the principal due in the amount of $4,059,644.68, plus pre-petition interest, late charges, legal fees, and default interest in amounts to be determined;

  b. With respect to the Mortgage Loan, indebtedness equaling the principal due in the amount of $2,309,263.91, plus pre-petition interest, late charges, legal fees, and default interest in amounts to be determined; and

  c. With respect to the Line of Credit, indebtedness equaling the principal due in the amount of $3,196,912.73, and pre-petition interest, late charges, legal fees, and default interest in amounts to be determined.

6. Additional supporting documents detailing the amounts owed making up the Claim Amount will be provided on request.

7. Creditor reserves any contractual, common law and statutory right and claim it has or may have against the Debtor or its estate, including, without limitation, any additional unpaid amounts that have or will in the future accrete or accrue, reimbursement of any additional out-of-pocket expenses, and all the right of setoff or recoupment, whether under Bankruptcy Code § 553 or otherwise.

8. Creditor reserves the right to (i) amend, modify, supplement or update this claim at any time or in any respect, including, without limitation, to quantify, correct, or increase the amounts asserted herein, to assert any other amounts that may otherwise be owed to it under any agreement it has with or services it has performed for Debtor or under applicable law to fix the

amount of any contingent or unliquidated claim; (ii) file a request for allowance and/or payment of administrative expenses in accordance with 11 U.S.C. §§ 503 and 507; and (iii) file additional proofs of claim in respect of any other claim, liability, or indebtedness of the Debtor to Creditor, including any additional claim that may be based on the same or additional documents or grounds of liability.

9. This claim is submitted without prejudice to Creditor's rights in all respects. Creditor does not waive any rights that it has or may have against the Debtor or its estate. Nothing contained in this claim shall be construed as limiting any of Creditor's rights, remedies, and interests.

10. The filing of this claim is not: (i) a waiver or release of Creditor's rights against any person, entity or property; (ii) a consent by Creditor to the jurisdiction with respect to the subject matter of this claim, any objection or other proceeding commenced in this case against or otherwise involving Creditor; (iii) a waiver of the right to move to withdraw the reference, or otherwise to challenge the jurisdiction of this Court, with respect to the subject matter of this claim, any objection or other proceeding commenced with respect thereto or any other proceeding commenced in this case against or otherwise involving Creditor; (iv) an election of remedy; or (v) a waiver of any past, present or future defaults or breaches. Creditor specifically reserves all of its procedural and substantive defenses and rights with respect to any claim that may be asserted against Creditor by the Debtor, any committee or by any trustee or representative for the estate or the Debtor.

11. No judgment has been rendered on this claim.

12. The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

Case 8-24-08071-ast    Doc 15-3    Filed 11/19/24    Entered 11/19/24 10:59:56
Case 8-22-72698-ast    Claim 31-1 Part 2    Filed 12/05/22    Desc  Attachment to Proof
of Claim    Page 7 of 7

13. All notices and communications concerning this proof of claim should be addressed as follows:

Dime Community Bank
ATTN: Stuart Fliegelman, Vice President
898 Veterans Memorial Highway, Suite 400
Hauppauge, New York 11788
Email: Stuart.Fliegelman@dime.com

and to:

Windels Marx Lane & Mittendorf LLP
Attn: James M. Sullivan, Esq. and Robert J. Malatak, Esq.
156 W. 56th Street
New York, NY 10019
Telephone 212-237-1000
Facsimile: 212-262-1215
Email: jsullivan@windelsmarx.com
       rmalatak@windelsmarx.com

1019023          2020 Dec 28 PM05:04

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
Lien Solutions 800-331-3282

**B. SEND ACKNOWLEDGMENT TO:** (Name and Address)

Lien Solutions
P.O. Box 29071
Glendale, CA 91209-9071, USA
uccfilingreturn@wolterskluwer.com
(Fax)818-662-4141

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| Field | Value |
|---|---|
| 1a. ORGANIZATION'S NAME | BLUE STATION REALTY LLC |
| 1c. MAILING ADDRESS | 1165 Station Road |
| CITY | Medford |
| STATE | NY |
| POSTAL CODE | 11763 |
| COUNTRY | USA |
| 1e. TYPE OF ORGANIZATION | Limited Liability Company |
| 1f. JURISDICTION OF ORGANIZATION | NY |
| 1g. ORGANIZATIONAL ID #, if any | 2785596 |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| Field | Value |
|---|---|
| 2a. ORGANIZATION'S NAME | DIAM-N-BLU MECHANICAL CORP. |
| 2c. MAILING ADDRESS | 1165 Station Road |
| CITY | Medford |
| STATE | NY |
| POSTAL CODE | 11763 |
| COUNTRY | USA |
| 2e. TYPE OF ORGANIZATION | Corporation |
| 2f. JURISDICTION OF ORGANIZATION | NY |
| 2g. ORGANIZATIONAL ID #, if any | 1236227 |

**3. SECURED PARTY'S NAME** (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| Field | Value |
|---|---|
| 3a. ORGANIZATION'S NAME | BNB Bank |
| 3c. MAILING ADDRESS | 898 Veterans Memorial Highway, Suite 560 |
| CITY | Hauppauge |
| STATE | NY |
| POSTAL CODE | 11788 |
| COUNTRY | USA |

**4. This FINANCING STATEMENT covers the following collateral:**

All inventory, equipment, accounts (including but not limited to all health-care-insurance receivables), chattel paper, instruments (including but not limited to all promissory notes), letter-of-credit rights, letters of credit, documents, deposit accounts, investment property, money, cash and cash equivalents, other rights to payment and performance, and general intangibles (including but not limited to all software and all payment intangibles); all oil, gas and other minerals before extraction; all oil, gas, other minerals and accounts constituting as-extracted collateral; all fixtures; all timber to be cut; all attachments, accessions, accessories, fittings, increases, tools, parts, repairs, supplies, and commingled goods relating to the foregoing property, and all additions, replacements of and substitutions for all or any part of the foregoing property; all insurance refunds relating to the foregoing property; all good will relating to the foregoing property; all records and data and embedded software relating to the foregoing property, and all equipment, inventory and software to utilize, create, maintain and process any such records and data on electronic media; and all supporting obligations relating to the foregoing property; all whether now existing or hereafter arising, whether now owned or hereafter acquired or whether now or hereafter subject to any rights in the foregoing property; and all products and proceeds (including but not limited to all insurance payments) of or relating to the foregoing property.

5. ALTERNATIVE DESIGNATION [if applicable]: ☐ LESSEE/LESSOR ☐ CONSIGNEE/CONSIGNOR ☐ BAILEE/BAILOR ☐ SELLER/BUYER ☐ AG. LIEN ☐ NON-UCC FILING

6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.  Attach Addendum [if applicable]
7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] ☐ All Debtors ☐ Debtor 1 ☐ Debtor 2

8. OPTIONAL FILER REFERENCE DATA NY-0-78282538-60416581

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

**Filing Number-202012285180812**

**1019023**  **2020 Dec 28 PM05:04**

# UCC FINANCING STATEMENT ADDENDUM
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**9. NAME OF FIRST DEBTOR (1a or 1b) ON RELATED FINANCING STATEMENT**

9a. ORGANIZATION'S NAME: BLUE STATION REALTY LLC

OR 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME, SUFFIX

10. MISCELLANEOUS:

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**11. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one name (11a or 11b) - do not abbreviate or combine names

11a. ORGANIZATION'S NAME: BLUE DIAMOND SHEET METAL, INC.

OR 11b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX

11c. MAILING ADDRESS: 1165 Station Road | CITY: Medford | STATE: NY | POSTAL CODE: 11763 | COUNTRY: USA

11d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 11e. TYPE OF ORGANIZATION: Corporation | 11f. JURISDICTION OF ORGANIZATION: NY | 11g. ORGANIZATIONAL ID #, if any: 830654 ☐ NONE

**12.** ☐ ADDITIONAL SECURED PARTY'S or ☐ ASSIGNOR S/P'S NAME - insert only one name (12a or 12b)

12a. ORGANIZATION'S NAME

OR 12b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX

12c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY

**13.** This FINANCING STATEMENT covers ☐ timber to be cut or ☐ as-extracted collateral, or is filed as a ☐ fixture filing.

**14.** Description of real estate:

**16.** Additional collateral description:

**15.** Name and address of a RECORD OWNER of above-described real estate (if Debtor does not have a record interest):

**17.** Check only if applicable and check only one box.
Debtor is a ☐ Trust or ☐ Trustee acting with respect to property held in trust or ☐ Decedent's Estate

**18.** Check only if applicable and check only one box.
☐ Debtor is a TRANSMITTING UTILITY
☐ Filed in connection with a Manufactured-Home Transaction — effective 30 years
☐ Filed in connection with a Public-Finance Transaction — effective 30 years

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT ADDENDUM (FORM UCC1Ad) (REV. 05/22/02)

1019023          2020 Dec 28 PM05:04

**UCC FINANCING STATEMENT ADDENDUM**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY
9. NAME OF FIRST DEBTOR (1a or 1b) ON RELATED FINANCING STATEMENT
9a. ORGANIZATION'S NAME BLUE STATION REALTY LLC
OR
9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME, SUFFIX

10. MISCELLANEOUS:

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

11. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one name (11a or 11b) - do not abbreviate or combine names
11a. ORGANIZATION'S NAME  MIRAGE MECHANICAL SYSTEMS INC.
OR
11b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX

11c. MAILING ADDRESS 1165 Station Road | CITY Medford | STATE NY | POSTAL CODE 11763 | COUNTRY USA

11d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 11e. TYPE OF ORGANIZATION Corporation | 11f. JURISDICTION OF ORGANIZATION NY | 11g. ORGANIZATIONAL ID #, if any 2851597 ☐ NONE

12. ☐ ADDITIONAL SECURED PARTY'S or ☐ ASSIGNOR S/P'S NAME - insert only one name (12a or 12b)
12a. ORGANIZATION'S NAME
OR
12b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX

12c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY

13. This FINANCING STATEMENT covers ☐ timber to be cut or ☐ as-extracted collateral, or is filed as a ☐ fixture filing.
14. Description of real estate:

16. Additional collateral description:

15. Name and address of a RECORD OWNER of above-described real estate (if Debtor does not have a record interest):

17. Check only if applicable and check only one box.
Debtor is a ☐ Trust or ☐ Trustee acting with respect to property held in trust or ☐ Decedent's Estate
18. Check only if applicable and check only one box.
☐ Debtor is a TRANSMITTING UTILITY
☐ Filed in connection with a Manufactured-Home Transaction — effective 30 years
☐ Filed in connection with a Public-Finance Transaction — effective 30 years

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT ADDENDUM (FORM UCC1Ad) (REV. 05/22/02)

0420033          2022 May 04 PM01:07

## UCC FINANCING STATEMENT AMENDMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
Michael F. O'Shea, Esq.

**B. SEND ACKNOWLEDGMENT TO:** (Name and Address)

Certilman Balin Adler & Hyman, LLP
90 Merrick Avenue
East Meadow, NY 11554, USA

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1a. INITIAL FINANCING STATEMENT FILE #** 202012285180812 Filedate: 28-DEC-20

**1b.** This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.

**2. ☐ TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

**3. ☐ CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

**4. ☐ ASSIGNMENT (full or partial):** Give name of assignee in item 7a or 7b and address of assignee in item 7c and also give name of assignor in item 9.

**5. AMENDMENT (PARTY INFORMATION):** This Amendment affects ☒ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☒ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.   ☐ DELETE name: Give record name to be deleted in item 6a or 6b.   ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

**6. CURRENT RECORD INFORMATION:**
6a. ORGANIZATION'S NAME   Blue Diamond Sheet Metal, Inc.

| 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

**7. CHANGED (NEW) OR ADDED INFORMATION:**
7a. ORGANIZATION'S NAME   Blue Diamond Air Systems, Inc.

| 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 7c. MAILING ADDRESS 1165 Station Road | CITY Medford | STATE NY | POSTAL CODE 11763 | COUNTRY USA |
|---|---|---|---|---|

| 7d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION Corporation | 7f. JURISDICTION OF ORGANIZATION New York | 7g. ORGANIZATIONAL ID #, if any ☐ NONE |
|---|---|---|---|---|

**8. AMENDMENT (COLLATERAL CHANGE):** check only one box.
Describe collateral ☐ deleted or ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

**9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

9a. ORGANIZATION'S NAME   DIME COMMUNITY BANK, FORMERLY KNOWN AS BNB BANK

| 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

**10. OPTIONAL FILER REFERENCE DATA** 24845.0282

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 05/22/02)

**Filing Number-20220504B214538**

0420039          2022 May 04 PM01:22

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
M

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

Certilman Balin Adler & Hyman LLP
90 Merrick Avenue
East Meadow, NY 11554, USA

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names
1a. ORGANIZATION'S NAME: BLUE DIAMOND AIR SYSTEMS, INC.

1c. MAILING ADDRESS: 1165 Station Road     CITY: Medford     STATE: NY     POSTAL CODE: 11763     COUNTRY: USA

1e. TYPE OF ORGANIZATION: Corporation     1f. JURISDICTION OF ORGANIZATION: New York     1g. ORGANIZATIONAL ID #, if any: NONE

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)
3a. ORGANIZATION'S NAME: DIME COMMUNITY BANK, FORMERLY KNOWN AS BNB BANK

3c. MAILING ADDRESS: 898 VETERANS MEMORIAL HIGHWAY     CITY: HAUPPAUGE     STATE: NY     POSTAL CODE: 11788     COUNTRY: USA

4. This FINANCING STATEMENT covers the following collateral:
All inventory, equipment, accounts (including but not limited to all health-care-insurance receivables), chattel paper, instruments (including but not limited to all promissory notes), letter-of-credit rights, letters of credit, documents, deposit accounts, investment property, money, cash and cash equivalents, other rights to payment and performance, and general intangibles (including but not limited to all software and all payment intangibles); all oil, gas and other minerals before extraction; all oil, gas, other minerals and accounts constituting as-extracted collateral; all fixtures; all timber to be cut; all attachments, accessions, accessories, fittings, increases, tools, parts, repairs, supplies, and commingled goods relating to the foregoing property, and all additions, replacements of and substitutions for all or any part of the foregoing property; all insurance refunds relating to the foregoing property; all good will relating to the foregoing property; all records and data and embedded software relating to the foregoing property, and all equipment, inventory and software to utilize, create, maintain and process any such records and data on electronic media; and all supporting obligations relating to the foregoing property; all whether now existing or hereafter arising, whether now owned or hereafter acquired or whether now or hereafter subject to any rights in the foregoing property; and all products and proceeds (including but not limited to all insurance payments) of or relating to the foregoing property.

8. OPTIONAL FILER REFERENCE DATA: 24845.0282

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

**Filing Number-20220504821459O**