# EXHIBIT "Q"

**Fill in this information to identify the case:**

Debtor 1  Blue Diamond Air Systems, Inc.
Debtor 2
(Spouse, if filing)
United States Bankruptcy Court  Eastern District of New York
Case number: 22-72698

FILED
U.S. Bankruptcy Court
Eastern District of New York
6/15/2023
Robert A. Gavin, Clerk

Official Form 410
# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

| | |
|---|---|
| **1. Who is the current creditor?** | Stephen DiMeglio<br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor _____ |
| **2. Has this claim been acquired from someone else?** | ☑ No<br>☐ Yes. From whom? _____ |
| **3. Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br>Stephen DiMeglio<br>Name<br>c/o RMF PC, Attn: Adam Silvers<br>1425 RXR Plaza<br>East Tower, 15th Floor<br>Uniondale, NY 11556<br><br>Contact phone  516-663-6600<br>Contact email  asilvers@rmfpc.com<br><br>Uniform claim identifier for electronic payments in chapter 13 (if you use one): _____ | **Where should payments to the creditor be sent?** (if different)<br><br>Name<br><br><br><br><br>Contact phone _____<br>Contact email _____ |
| **4. Does this claim amend one already filed?** | ☑ No<br>☐ Yes. Claim number on court claims registry (if known) _____   Filed on _____<br>MM / DD / YYYY |
| **5. Do you know if anyone else has filed a proof of claim for this claim?** | ☑ No<br>☐ Yes. Who made the earlier filing? _____ |

Official Form 410                        Proof of Claim                        page 1

**Part 2:** Give Information About the Claim as of the Date the Case Was Filed

| | |
|---|---|
| 6. Do you have any number you use to identify the debtor? | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ |
| 7. How much is the claim? | $ unknown     **Does this amount include interest or other charges?**<br>☑ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as healthcare information.<br><br>See Rider |
| 9. Is all or part of the claim secured? | ☑ No<br>☐ Yes. The claim is secured by a lien on property.<br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>Value of property: $ _____<br>Amount of the claim that is secured: $ _____<br>Amount of the claim that is unsecured: $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>Amount necessary to cure any default as of the date of the petition: $ _____<br><br>Annual Interest Rate (when case was filed) _____ %<br>☐ Fixed<br>☐ Variable |
| 10. Is this claim based on a lease? | ☑ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____ |
| 11. Is this claim subject to a right of setoff? | ☑ No<br>☐ Yes. Identify the property: _____ |

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No<br>☐ Yes. *Check all that apply:* | Amount entitled to priority |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(_) that applies | $ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152, 157 and 3571.

Check the appropriate box:

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    6/15/2023
                   MM / DD / YYYY

/s/ Stephen DiMeglio

Signature

Print the name of the person who is completing and signing this claim:

Name    Stephen DiMeglio

First name    Middle name    Last name

Title

Company

Identify the corporate servicer as the company if the authorized agent is a servicer

Address    755 Harbor Lane

Number Street

Cutchogue, NY 11935

City State ZIP Code

Contact phone    516-523-4791    Email    sdimeglio631@yahoo.com

Official Form 410    Proof of Claim    page 3

Sheryl P. Giugliano
RUSKIN MOSCOU FALTISCHEK, P.C.
East Tower, 15th Floor
1425 RXR Plaza
Uniondale, New York 11556-1425
(516) 663-6600

*Attorneys for Stephen DiMeglio*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                              Chapter 7

BLUE DIAMOND AIR SYSTEMS, INC.,                 Case No. 22-72698 (AST)

                           Debtor.
------------------------------------------------------------X

## RIDER TO PROOF OF CLAIM FILED BY STEPHEN DIMEGLIO

1. Basis for Claim

    a. This proof of claim (the "**Proof of Claim**") is asserted by Stephen DiMeglio (the "**Claimant**") against Blue Diamond Air Systems, Inc. (the "**Debtor**"), in the above-captioned chapter 7 case (the "**Bankruptcy Case**").

    b. This Proof of Claim arises from amounts owed to Claimant under that certain Consulting Agreement (the "Consulting Agreement") by and among Claimant, Blue Diamond Sheet Metal, Inc., Diam-N-Blue Mechanical Corp. and Mirage Mechanical Systems, Inc., each a New York corporation, and Blue Station Realty LLC, a New York limited liability company (collectively, the "Companies").

2. Background.

    a. Claimant was a shareholder in and member of each of the Companies.

    b. Under the Consulting Agreement, Claimant served as a consultant on a non-exclusive basis to provide certain consulting services to the Companies. In

consideration for those consulting services, Claimant was supposed to receive forty-two (42) monthly payments in the amount of $3,683.33 on the fifteenth (15th) day of every month for forty-two (42) months. The Companies agreed to be jointly and severally liable under the Consulting Agreement for the monthly payments due to Claimant.

c. Upon information and believe, the Debtor is the result of a merger between one or more of the Companies and, therefore, is jointly and severally liable for any amounts owed to Claimant under the Consulting Agreement.

d. On October 4, 2022 (the "Petition Date") the Debtor filed a voluntary petition for relief under chapter 11 of title 11, United States Code (the "Bankruptcy Code").

e. On February 10, 2023, the Court entered and Order (ECF Doc. No. 140) granting a motion to convert the Debtor's case to one under chapter 7 of the Bankruptcy Code.

3. Amount of Claim.

   a. As of the Petition Date, Claimant is owed a general unsecured claim in the amount of not less than $81,033.26 for twenty-two (22) unpaid monthly payments due under the Consulting Agreement.

   b. Claimant reserves its right to amend this Proof of Claim to assert additional claims it may hold, and to assert a different classification or amount of the Proof of Claim.

4. Classification of Claim.

   The Proof of Claim is asserted as a general unsecured claim. Claimant reserves the right to amend this Proof of Claim to assert a different or additional classification of claims, as well as claims against different or additional debtors.

5. Credits and Setoffs.

   As of the date of this Proof of Claim, Claimant has not received any payments to reduce the amount set forth herein.

6. Supporting Documents.

   The documents supporting the Proof of Claim can be provided upon request to the chapter 7 trustee and his retained professionals to the extent the trustee does not already have them in his possession.

7. Reservation of Rights.

   Claimant reserves the right to amend or supplement this Proof of Claim to reflect any additional claims against the Debtor or any of its debtor or non-debtor affiliates, to specify interest, costs, expenses, or other charges or claims incurred by Claimant and to file additional claims which may be based on the same or additional documents.

8. No Waiver.

   This Proof of Claim is filed to protect Claimant from forfeiture of the Proof of Claim. The filing of this Proof of Claim is not: (a) a waiver or release of Claimant's rights against any person, entity, or property including but not limited to the Debtor or its debtor or non-debtor affiliates; (b) a consent by Claimant to the jurisdiction of the United States Bankruptcy Court for the Eastern District of New York with respect to the subject matter of the Proof of Claim or any objection or other proceeding commenced in the Debtor's chapter 7 case against or otherwise involving Claimant; (c) a waiver of the right to move to withdraw the reference or otherwise to challenge the jurisdiction of the Bankruptcy Court; (d) an election of remedy; (e) a waiver of any rights or claims Claimant has against the Debtor or any of its debtor or non-debtor affiliates or any person or entity with respect

to any pending or future litigation or to any matters related to such litigation; or (f) a waiver of past, present, or future defaults or events of default.

9. Notices.

All notices to Claimant should be sent to:

Ruskin Moscou Faltischek, PC
1425 RXR Plaza
East Tower, 15th Floor
Uniondale, NY 11556-1425
Attn: Adam Silvers
asilvers@rmfpc.com